STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL GEORGE JOYCE,
*Appellant.*

(No. 80-1607, CA 19919)

636 P2d 999

Lynn H. Heusinkveld, Coos Bay, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction of manufacture of a controlled substance. ORS 475.992. He assigns as error the trial court's denial of his motion to dismiss the charge based on a variety of statutory and constitutional arguments. We affirm.

Defendant was alleged to be growing marijuana. He was charged with manufacture of a Schedule I controlled substance, a Class A felony. ORS 475.992(1)(a). The gist of defendant's argument is that, under Oregon law, marijuana is not a Schedule I controlled substance. He argues that no schedules of controlled substances are in force, or alternatively that the schedules that are in force list marijuana under Schedule IV. Manufacture of a Schedule IV controlled substance is a Class B misdemeanor. ORS 475.992(1)(d).

Defendant's contention derives from provisions of Oregon's version of the Uniform Controlled Substances Act, ORS 475.005 to 475.285 and 475.992 to 475.995. This Act created the Committee on Controlled Substances (Committee), ORS 475.075, and authorized the Committee to review the federal controlled substances schedules and to "add, reclasssify or delete" any drug from the federal schedules "based on the total hazard potential of the substance." ORS 475.025, 475.015. The Act established the federal schedules as the interim classifications, ORS 475.015(2), which apply until new schedules are adopted. Upon completion of the Committee's review, the State Board of Pharmacy (Board) is required to "issue a rule controlling the substance consistent with the schedules in ORS 475.015 [i.e., the schedules created by the Committee]." ORS 475.035(3). The Board is required to act within thirty days following the Committee's classification of a substance.[1] ORS 475.055.

Defendant presented evidence indicating that the Committee classified marijuana under Schedule IV, that the Committee completed its work in August, 1979, and

---

[1] The statutory procedure for adopting and changing the controlled substances schedules was substantially amended by Oregon Laws 1981, chapter 666. Under the amendment, the previous responsibilities of the Committee relative to revision of the schedules are given to the Board of Pharmacy.

that the Board was notified of the Committee's schedules soon after. Defendant argues that, because the Board failed to act within thirty days or at any time since August, 1979, no schedules were in force at the times relevant to this case. Alternatively, he argues that the Committee's schedules are applicable, because the Board has no discretion but must adopt the schedules proposed by the Committee. *See* 39 Op Att'y Gen 376 (Or 1978).

■     We reject both arguments. Until the Board adopts the Committee's schedules by rule, ORS 475.035(3), the interim federal schedules remain in force. ORS 475.015(2). *See State v. Bishop,* 46 Or App 607, 612 P2d 744, *rev den* 289 Or 588 (1980).[2] Under the interim federal schedules, marijuana is classified under Schedule I.   OAR 855-80-020. Defendant therefore was properly charged with manufacture of a Schedule I controlled substance.

■     Defendant also contends that the charge should have been dismissed because the potential liability for a Class A felony is unconstitutionally disproportionate to the offense of growing marijuana. US Const, Amend VIII; Or Const, Art I, § 15, 16.[3] We disagree. Class A felonies are punishable by a maximum incarceration of twenty years, ORS 161.605(1), and the statute designates no mandatory minimum sentence. Trial courts have discretion in setting sentences, ORS 137.010, but final determination of a term of imprisonment is made by the Board of Parole based upon the prisoner's individual circumstances. ORS ch 144. *See*

---

[2] Language in *Bishop,* seized upon by defendant, indicates that the federal schedules are automatically replaced by the Committee's schedules. 46 Or App at 616, n 8. However, the Committee may adopt rules only for its own governance or to carry on its responsibilities under ORS 475.005 to 475.285. ORS 475.075(5). The Board has broad rulemaking authority, and this authority includes rules concerning controlled substances. ORS 689.155(7). The Board, not the Committee, must issue the rules incorporating the schedules of controlled substances. Whether the Board violated its statutory duty is not an issue in this appeal.

[3] The Eighth Amendment provides, in part:   "* * * [N]or [shall] cruel and unusual punishments [be] inflicted." The Oregon Constitution, Article I, provides in part:

"Section 15. Laws for the punishment of crime shall be founded on the principles of reformation, and not of vindictive justice.—

"Section 16. * * * Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense. * * *"

*State v. Dinkel,* 34 Or App 375, 379-83, 579 P2d 245 (1978), *rev den* 285 Or 195 (1979). We cannot say the statute under which defendant was charged is unconstitutional solely because it authorizes a sentence of twenty years imprisonment.[4]

Affirmed.

---

[4] Defendant was placed on three years probation on condition he serve 10 days in jail and pay a fine of $525.